SPIEGEL, J.

1:05CV755

FILED
JAMES BONINI
CLERK

05 NOV 22 PM 3:23

AO 243   (Rev. 2/95)

MOTION UNDER 28 USC § 2255
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District SOUTHERN DISTRICT OF OHIO | |
|---|---|---|
| Name of Movant ROGER F. MELVIN | Prisoner No. 03486-061 | Case No. CR-1-01-082 |

Place of Confinement

**Federal Correctional Institution, Terre Haute, Indiana P.O.Box 33**

UNITED STATES OF AMERICA          V.          ROGER F. MELVIN (name under which convicted)

## MOTION

1.  Name and location of court which entered the judgment of conviction under attack

    **UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF OHIO**

2.  Date of judgment of conviction   **April 18, 2002**

3.  Length of sentence   **[121] Months**

4.  Nature of offense involved (all counts)   **Guilty on On Count of a Three count Indictment. Distribution of cocaine [Base]**

5.  What was your plea?  (Check one)
    (a) Not guilty          ☐
    (b) Guilty              ☒
    (c) Nolo contendere     ☐

    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

    **Entered a Plea Of Guilty on Count Two(2) of the Indictment**

6.  If you pleaded not guilty, what kind of trial did you have?  (Check one)
    (a) Jury          ☐
    (b) Judge only    ☒

7.  Did you testify at the trial?
    Yes  ☐          No  ☒

8.  Did you appeal from the judgment of conviction?
    Yes  ☐          No  ☒

AO 243    (Rev. 2/95)

9. If you did appeal, answer the following:

   (a) Name of court        **N/a**

   (b) Result

   (c) Date of result        **N/a**

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes  ☐        No  ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court        **N/a**

        (2) Nature of proceeding

        (3) Grounds raised        **N/A**

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes  ☐        No  ☒

        (5) Result

        (6) Date of result        **N/a**

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court        **N/a**

        (2) Name of proceeding

        (3) Grounds raised        **N/a**

AO 243   (Rev. 2/95)

(4)  Did you receive an evidentiary hearing on your petition, application or motion?
     Yes  ☐   No  ☒

(5)  Result             **N/A**

(6)  Date of result        **N/A**

(c)  Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
     (1)  First petition, etc.         Yes ☐     No ☒
     (2)  Second petition, etc.        Yes ☐     No ☒

(d)  If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

**N/A**

12.  State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b)  Conviction obtained by use of coerced confession.

(4)

AO 241    (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one:    **Sentence Violated The Fifth Amendment To Due Process**


Supporting FACTS (state *briefly* without citing cases or law):

**[see Memorandum Of Points And Authorities Attach Hereto]**




B. Ground two:    **The Sentence Violated The Sixth Amendment to A Jurys Determination on All Enhancements**

Supporting FACTS (state *briefly* without citing cases or law):

**[see Memorandum Of Points And Authorities Attach Hereto]**




C. Ground three:


Supporting FACTS (state *briefly* without citing cases or law):

AO 243    (Rev. 2/95)

D.  Ground four:          **N/A**

Supporting FACTS (state *briefly* without citing cases or law):

**N/A**

13.  If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

**N/A**

14.  Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes  ☐      No  ☒

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a)  At preliminary hearing        **Rick L. Faulkner**

**8055 Hayport Rd.,    Whellerburg, Ohio   45694**

(b)  At arraignment and plea      **Same As Above**

(c)  At trial                      **Same As Above**

(d)  At sentencing                 **Same As Above**

AO 243    (Rev. 2/95)

(e)  On appeal            **N/A**

(f)  In any post-conviction proceeding        **N/A**

(g)  On appeal from any adverse ruling in a post-conviction proceeding

**N/A**

16.  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes  ☐      No  ☒

17.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes  ☐      No  ☒

(a)  If so, give name and location of court which imposed sentence to be served in the future:

**N/A**

(b)  Give date and length of the above sentence:

**N/A**

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes  ☐    No  ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

_11-15-05_____
Date

_Roger F. Mil____
Signature of Movant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION


ROGER F. MELVIN,                    )
                                    )
        Petitioner/Defendant,       )      No:_____
                                    )
        V.                          )      No: CR-1-01-082
                                    )
UNITED STATES OF AMERICA,           )
                                    )
        Respondant/Plaintiff.       )


MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MELVIN'S
MOTION TO 'MODIFY, REDUCE, OR CORRECT' HIS SENTENCE PURSUANT
TO TITLE 28 U.S.C. §2255 ¶6(3).

                                I.

A. PROCEDURAL FACTUAL BACKGROUND.

        COMES NOW, Petitioner/Defendant, Roger F. Melvin, Pro se,
and without the assistance of counsel, challenges his sentence,
and respectfully moves this Honorable Court to grant his motion
to "Modify, Reduce or Correct" his sentence based upon violations
of his Fifth Amendment Right to "Due Process of Law" and the
Sixth Amendment Right to have a jury's determination on any and
all enhancements.

        The Court should grant the Writ because of the [121] month
sentence which was imposed pursuant to Title 21 U.S.C. §841(a)(1)
(b)(1)(B). The [121] months of imprisonment was outside the Sen-
tencing Guideline Range and violated the Fifth and Sixth Amendments

in light of Aprendi, Blakely and Booker, given the indictment only alleged [5 grams] of cocaine base [crack cocaine] in each count of the three count indictment for a total of [15] grams.

On October 29, 2001, a complaint was filed with the Magistrate Judge Jack Sherman, and a warrant was issued for the arrest of Roger F. Melvin. On the same day, Melvin was arrested and was placed in jail on a $10,000 bond. On November 13, 2001, Melvin appeared before Magistrate Judge Jack Sherman for his preliminary exam, and the preliminary exam was waived by Rick L. Faulkner, counsel that re-present Melvin in this matter, who appeared with Melvin throughout this matter.

On November 28, 2001, United States Assistant Attorney Timothy D. Oakley, filed a three count indictment charging Melvin with knowingly distributing in excess of five [5 grams] of cocaine base [crack cocaine]. On December 6, 2001, Melvin appeared before Magistrate Judge Timothy S. Hogan for Arraigment/Plea hearing. Melvin pleaded not guilty to all three counts of the indictment.

On January 10, 2002, United States Assistant Probation Officer Elve A. Ellis, Jr., disclosed a Presentence Report [PSR]. Ellis calculated Melvin's initial offense level at[27], he further added two (2) level for "Specific Offense Characteristic" pursuant to §2D1.1(b)(1), Dangerous Weapon putting Melvin's base level at [29] less three (3) levels for acceptance of responsibility for an ultimate level of [26]. Accordingly, Melvin was placed in 'Criminal History Category IV', resulting in a final Guideline Range of [121-151] months of imprisonment. However, at sentencing the judge imposed

[2]

a sentence of [121] months of imprisonment, and ordered Melvin to complete 500 hours of drug treatment and to pay a fine of $2,500.00 dollars.

## II.

## B. STANDARD OF REVIEW AND JURISDICTION

TITLE 28 U.S.C. §2255 ¶6(3).

The language of §2255 ¶6(3) belies the conclusion that only the Supreme Court could decide retroactivity. As numerous courts have noted, if Congress intended that result, then it would have utilized the same language it used in §2255 ¶8(2). In Pryor v. United States, 278 F.3d 612 (6th Cir. 2002), the second and third Pryor positions is whether a District Court can decide retroactivity, or whether only a Circuit Court can make that decision. A number of Circuits have considered this question since we decided Pryor.

The Third Circuit decided that either a District Court or Circuit can make the retroactivity decision. United States v. Swinton, 333 F.3d 481, 486 (3rd Cir. 2003). Permitting a District Court or Circuit Court to make the decision "may be essential to put the question before the Supreme Court for final resolution". Id. at 486 (citing Ashley v. United States, 266 F. 3d 671, 673 (7th Cir. 2001) (Wiegand v. United States, 380 F.3d 890 (6th Cir. 2004). The Swinton court "conclude[d]—and the parties agree[d]—that the statute of limitations provision of §2255 allows District Court and Court of Appeals to make retroactivity decisions". 333 F.3d at 487. The Eleventh Circuit reached the same conclusion earlier this

[3]

year, recognizing that "every Circuit to consider this issue has
held that a court other than the Supreme Court can make the retro-
activity decision for purpose of §2255 [¶6](3)". Dodd v. United
States, 365 F.3d 1273, 1278 (11th Cir. 2004)(citing decisions from
the Third, Fifth, Seventh and Eleventh Circuits and ultimately con-
cluding that the limitation period began to run on the date of the
Supreme Court decision even though it recognized a District Court
could decide the retroactivity question.)

Further, the language of Title 28 U.S.C. §2255 ¶6(3) does not
explicitly require that the right that is recognized be from a new
rule of Constitutional law that the Supreme Court has made retro-
active to cases on collateral review. Indeed, the right that is
newly recognized under Title 28 U.S.C. §2255 ¶6(3) does not have
to be from either a "new rule" or a rule of "Constitutional law"
(i.e., it may be statutory, or have its source in commom law), nor
does it have to be made retroactive by the Supreme Court (i.e., the
question about which court makes the retroactivity decision is left
open). Thus, it is a mistake to reference cases interpreting Title
28 U.S.C. §2255 ¶8(2) and 28 U.S.C. §2244(b)(2)(A) in connection
with 28 U.S.C. §2255 ¶6(3). Because of textual differences the
language of these statutes, those cases are irrelevant to the
present inquiry, and thus are not binding upon us to interpreting
the separate statutory provision of Title 28 U.S.C. §2255 ¶6(3).
In re Hansed, 123 F.3d 922 (6th Cir. 1997)(interpreting 28 U.S.C.
§2255 ¶8(2) even though it was unnecessary to its holding that the
petitioner did not need to meet the new standard under "AEDPA"

[4]

because his previous §2255 motion was filed before the effective date of the "AEDPA". United States v. Howard, 374 F.3d 1068 (11th Cir. 2004)(Wiegand v. United States, 380 F.3d 890 (6th Cir. 2004).

In Bailey v. United States, 516 U.S. 137, 143, 116 S. Ct. 501, 133 L.Ed. 2d 472 (1995) the Court considered whether Bailey applied retroactivity, we canvassed the Circuits and identified four different retroactivity approaches: (1) only the Supreme Court can make the retroactivity decision; (2) a Circuit Court can make the retroactivity decision; (3) any inferior Federal Court can make the retroactivity decision; and (4)not deciding the issue because the defendant moved to vacate within one (1) year of Bousley v. United States, 523 U.S. 614, 118 S.Ct. 1604, 140, 140 L.Ed. 2d 828 (1998); Pryor v. United States, 278 F.3d 612, 615 (6th Cir. 2002). We adopted the fourth approach and declined to decide whether a court other than the Supreme Court could make the retroactive decision because of the unique circumstances involved in that case. Confronted with this question again here, we decide that any Federal Court can make the retroactivity decision, the third Pryor alternative.

[A] prisoner in custody under sentence of a court established by act of Congress claiming the right to be released upon the grounds that the sentence was imposed in violation of the Constitution, or laws of the United States, or that the court was without jurisdiction to impose such sentence, or is otherwise subject to collateral attack may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

If the court finds that the judgement was rendered without

[5]

jurisdiction, or that the sentence imposed was not authorized by law, or otherwise open to collateral attack, or that there has been such a denial, or infringement of the Constitutional right of a prisoner as to render the judgement vulnerable to collateral attack, the court 'shall' vacate and set — the judgement aside and 'shall' discharge the prisoner, or resentence him, or grant a new trial, or correct the sentence as may appear appropriate. 28 U.S.C. §2255 ¶6(3)

Where the basis of the §2255 ¶6(3) motion is a non-conventional error the record must reflect a "fundamental defect which inherently results in complete miscarriage of justice, [o]r an omission incon- sistent with rudimentary demands of fair procedure". Hill v. United States, 368 U.S. 424, 426 (1962); Reid v. Farley, 512 U.S. 354 (1994); United States v. Bryan, 868 F.2d 1032, 1039 (9th Cir.), cert. de- nied,___ U.S.___, 110 S.Ct. 167, 107 L.Ed. 2d 124 (1989).

For the reasons shown herein, Melvin's §2255 ¶6(3) motion is timely filed, and this Court has jurisdiction to decide the case on its merits.

## III.

## ARGUMENT

## C. REASONS FOR GRANTING THE WRIT, MELVIN CHALLENGES HIS UNCONSTITUTIONAL SENTENCE UNDER THE FIFTH AND SIXTH AMENDMENTS AND THE U.S.S.G.

The court should grant the writ because of the [121] month sentence which was imposed pursuant to Title 21 U.S.C. §841(a)(1) (b)(1)(B), and violated the Fifth and Sixth Amendment in light of

[6]

Reese, Jones, Castillo, Apprendi, Blakely and Booker given the indictment did not allege any of the enhancements, it charged only the elements of §841(a)(1).

At stake in Melvin's case are the Constitutional protections of surpassing importance, the proscription of any deprivation of "liberty" without "Due Process of Law" (Amdt. V.), and the guarantee that [i]n all Criminal Prosecutions, the accused "shall" enjoy the right to a Speedy and Public Trial, by an impartial jury (Amdt. VI.). Taken together, these rights indisputably entitle a criminal defendant to a "jury" determination that [he] is guilty of every element of the crime[s] with which he is charged beyond a reasonable doubt. United States v. Gaudin, 515 U.S. 506, 510 (1995); see also Sullivan v. Louisiana, 508 U.S. 275, 278 (1993); Winship, 397 U.S., at 364. [T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt, of every "fact" necessary to constitute the crime[s] with which he is charged.

In [P.S.R.] which stated that Melvin's statutory maximum is [40] years and that his Guideline range is [121-151] months, Melvin contends that the statutory maximum for this offense as alleged in the indictment is [0-20] years. Furthermore, the amount of cocaine base (crack cocaine) was five (5) grams in count 1, five (5) grams in count 2, and five (5) grams in count 3, that was filed in the indictment. His base offense level would be the minimum base offense level of [26], thus the adjusted Guideline range is [57-71] months.

On January 10, 2002, Melvin entered a plea of guilty to count 2 of the language of the indictment that charged him with possession

[7]

with intent to distribute crack cocaine in violation of Title 21 U.S.C. §841(a)(1)(b)(1)(B)(iii).

The statutory scheme of Title 21 U.S.C. §841 essentially creates three separate offenses for cocaine distribution under three subparagraphs. Subparagraph (b)(1)(A) makes it illegal to distribute crack cocaine in excess of [50] grams. The statutory maximum for that offense is life imprisonment. The mandatory minimum is ten (10) years imprisonment. Subparagraph (b)(1)(B) makes it illegal to distribute crack cocaine in excess of [5] grams. The statutory maximum for that offense is [40] years imprisonment with a mandatory minimum of [5] years imprisonment. Subparagraph (b)(1)(C) makes it illegal to distribute crack cocaine in amounts not covered by sub-paragraphs (A)(B). The statutory maximum is [20] years imprisonment with no mandatory minimum.

In the indictment, the Government charged Melvin with possession with intent to distribute crack cocaine. The Government charged in the indictment possession with intent to distribute [5] grams of cocaine base (crack cocaine) in each of the charged counts. The indictment thus charged Melvin with the crime[s] described in Title 21 U.S.C. §841(b)(1)(C), not with the crime[s] described in sub-paragraph(s) (A)(B). Referencing subparagraph (b)(1)(B) by letter and number in the indictment is not sufficient. An indictment "must set forth each element of the crime[s] that it charges". Hamling v. United States, 418 U.S. 87, 117 (1974). Melvin entered a guilty plea to an offense with a statutory maximum sentence of [20] years.

Specifically, the Supreme Court ruled that "any facts that

[8]

increases the prescribed range of punishment to which a criminal
defendant is exposed" must be submitted to a jury and proved beyond
a reasonable doubt. Apprendi v. New Jersey, ____U.S.____, 1205 S.Ct.
2348,____L.Ed.___, (2000). In a federal prosecution, this reasoning
also requires that any such fact must be properly pled in the indict-
ment. Id. at 13, n. 15-18, see also ch. 5. Const. V provides that
[n]o person shall be held to answer for a capital, or otherwise in-
famous crime[s], unless on a presentment or indictment of a Grand
Jury.

In his concurring opinion, Justice Thomas concluded that after
an exhaustive review of 200 years of precedent, the majority deci-
sion in Apprendi, "far from being a sharp break with the past,
marks nothing more than a return to the status quo -ante- the status
quo that reflected the original meaning of the Fifth and Sixth Amend-
ments". Id. at 28.

Specifically, the concurring opinion states:

> In order for an accusation of a Crime[s] "whether be
> indictment or some other form", to be proper under
> common law, and thus proper under the codification
> of the common-law rights in the fifth and sixth
> amendments, it must allege all elements of that crime[s]...
> Thus, it is critical to know which facts are elements.

. . .

A long line of essentially uniform [Supreme Court] authority...
establishes that a "Crime[s]" includes every fact that is by law
a basis for imposing or increasing punishment "in contrast with a

[9]

fact that mitigates punishment". Thus, if the legislature defines
some core crime[s] and provides for increasing the punishment of
that crime[s] upon a finding of some aggravating fact -of whatever
sort, including the fact of a prior conviction- the core crime[s]
and the aggravating fact together constitute an aggravated crime[s],
just as much as grand larceny is an aggravated form of petty lar-
ceny. The aggravating fact is an element of the aggravated crime.
Similarly, if the legislature, rather than creating grades of crimes,
has provided for setting the punishment of a crime based on some
fact... that fact is also an element. Id. at 18-19.

Just three days after its decision in Apprendi, the Supreme
Court applied the reasoning and holding of Apprendi to the issue
of whether th structure of Yiyle 21 U.S.C. §841(b)(1) creates
separate offenses or just one offense with several sentencing
enhancements. In United States v. Jones, the Tenth Circuit held
that §841(b)(1) sets forth sentencing factors and not elements of
separate offenses, and therefore, the court concluded that drug
quantities did not have to be charged in the indictment and deter-
mined by a jury, but could instead be determined by the judge at
sentencing. See United States v. Jones, 194 F.3d 1178, 1185-86
(10th Cir. 1999). Applying Apprendi, the Supreme Court vacated the
Tenth Circuit's decision in Jones and remanded the case to the Tenth
Circuit "for further consideration in light of Apprendi". Jones v.
United States,___U.S. ___, ___S.Ct. ___, ___L.Ed. 2d___, (2000). The
actions of the Supreme Court in Jones strongly suggests that the
reasoning of Apprendi applies to analysis of §841(b)(1) and that

[10]

the various drug quantities enumerated in 841(b)(1), are elements of a separate offense that must be charged in the indictment, and found beyond a reasonable doubt by a jury.

Applying the reasonable of Apprendi, Melvin, entered a guilty plea to  the lesser crime[s] of 21 U.S.C. §841(a)(1)(C), and not to the aggravated crime of §841(b)(1)(B). Under the reasoning of Apprendi, that aggravated factor is an essential element of the offenses established in §841(b)(1)(A), and (B). Therefore, it must be properly charged in the indictment. See Apprendi, Blakely, and Booker, also see Hamling 418 U.S., at 117.

Specially, the amount of crack cocaine in the present case is a fact that clearly "increases the prescribed range of penalties to which [Melvin], is exposed", and thus it has to be charged in the indictment and proven beyond a reasonable doubt. See Id. For example, under the Sentencing Guidelines a conviction for a drug offense involving less than [5 grams] of crack cocaine, a violation of 21 U.S.C. §841(b)(1)(B), yield a base offense level of [24]. See U.S.S.G. §2D1.1(8). For a defendant with a Criminal History Category of [IV], that corresponds to a prescribed range of [77-96], an increase in the amount of cocaine crack, a violation of 21 U.S.C. §841(b)(1)(B), has a corresponding increase in offense level to [29] and a corresponding increase in the prescribed range of penalties to [121-151] months. See U.S.S.G. §2D1.1(a)(7).

Because the aggravating factor, of the higher amount of crack cocaine was not charged in the indictment, the amount cannot be used to calculate the sentence for Melvin. See Apprendi, Blakely,

[11]

and Booker. The Court is thus bound by the offense charged in the
indictment and plead to by Melvin, drug trafficking offense in-
volving an amount of cocaine crack [5 grams]. In order to comply
with the strictures of Apprendi, Blakely, and Booker, and not apply
an aggravating factor that was not charged in the indictment this
court must calculate Melvin's sentence using a base offense level
of [24] wgich corresponds to the lowest allowable amount of cocaine
crack. See U.S.S.G. §2D1.1(c)(8).

Melvin argues the sentence was imposed as a result of the in-
correct application of the 'Sentencing Guidelines'. See United States
v. Bolinger, 940 F.2d 478-81, n.1 (9th Cir. 1991). Another contention
by the U.S. Assistant Attorney, and U.S. Probation Officer is that
by invalidating the 'Guidelines' as mandatory only means that the
'Guidelines' do not creat any sort of maximum  sentence, statutory,
or otherwise, and that the only statutory maximum is the one provided
in the United States Code which in this case is [20] years. This
does not appear to be the correct application pursuant to 18 U.S.C.
§3553(b)(1) holding.

Finally, it is undisputed that the Supreme Court has held that
the power to sentence a defendant to an enhancement penalty has
not passed to the courts and has not been taken away from the jury
in a situation in which an issue of sentence had been referred to
the jury, and in which the defendant has not waived his rights to
have all appropriate issues referred to the jury for determination
including the issues of whether an enhancement above the 'Guidelines'
should be imposed in the event of a guilty verdict for the enhancement

[12]

outside the 'Guidelines'. See United States v. Fountain, 768 F.2d
790, 799 (7th Cir. 1985), here the court held that the judge has
no authority to add to the crime[s], or the penalties provided in
the Federal Statute.

## IV

## CONCLUSION

For all the reasons herein, Petitioner/Defendant Melvin,
respectfully prays that this Honorable Court grant his motion to
'Modify, Reduce, Or Correct' his sentence pursuant to 28 U.S.C.
§2255 ¶6(3), and resentnece him without the enhancements. Accordingly,
this court should issue a 'Writ' ordering Melvin to be resentenced
under the 'Guidelines'.

Dated this 15Th day of November, 2005.

Roger F. M. : 03486-061
Roger Melvin
Reg. No. 03486-061

[13]

CERTIFICATE OF SERVICE BY MAIL

I, Roger F. Melvin, hereby states as follows:

That on the _15^Th_ day of November, 2005 I delivered to the Federal Correctional Institution's Mail Box, an envelope with the requisite postage for first class mail containing a copy of the 2255 ¶6(3) Memorandum of Points and Authorities.

Addressed to the United States Assistant Attorney's Office

I, Roger F. Melvin #03486-061, declare under penalty of perjury that the above is true and correct.

Executed this _15^Th_ day of November, 2005.

Roger F. Melvin   03486-061

Roger F. Melvin
Reg. No. 03486-061
Federal Correctional Institution
P.O. Box 33
Terre Haute, Indiana 47808