IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Civil NO. CV-1-05- 0755 |
| | : | Criminal NO. CR 1-01-082 |
| Plaintiff-Respondent | : | |
| | : | Senior Judge Spiegel |
| -vs- | : | |
| | : | |
| | : | **UNITED STATES' RESPONSE** |
| ROGER F. MELVIN, | : | **TO DEFENDANT'S MOTION** |
| | : | **TO VACATE SENTENCE** |
| Defendant-Movant | : | |
| | : | |

## STATEMENT OF FACTS

Beginning on or about November 16, 2000 and continuing up through December 13, 2000, within the Southern District of Ohio, the Defendant became part of a drug investigation in Portsmouth, Ohio. During this time, undercover police officers working with the FBI made a series of crack cocaine purchases from the Defendant. These drug purchases were audio and video taped. As part of the drug sales, the Defendant also sold the undercover officer a stolen assault rifle that was not charged in the Indictment.

As a result of the investigation, the Defendant was charged by Indictment with three Counts of Distribution of Crack Cocaine in violation of Title 21 U.S.C. § 841(a)(1) on November 28, 2001. Each count alleged the distribution of the crack cocaine to be in excess of five grams. (See attached Indictment, Exhibit 1). Subsequent to his arrest, the Defendant admitted his involvement in dealing crack cocaine to the authorities. The Defendant entered into a negotiated plea to Count 2 of the Indictment on January 11, 2002. In both the statement of facts and the plea agreement, the defendant acknowledged and agreed that the amount of crack cocaine sold as alleged in Count 2 was in excess of five grams. In the plea agreement the

Defendant further acknowledged and agreed that the potential penalty he faced was a mandatory five years to a possible forty years imprisonment.

A Pre-Sentence Report was prepared by the United States Probation Department that recommended a final offense category of 29 based on the total amount of crack cocaine distributed with a sentencing range of 121 to 151 months. The Defendant did not raise any objections to the calculations. The Court sentenced the Defendant to a term of imprisonment of 121 months on April 18, 2002. No direct appeal was requested. This Motion to Vacate Sentence was filed on November 23, 2005.

## PRESENT MOTION

In the present motion, the defendant moves to vacate his sentence on two issues.  The Defendant contends that the sentence in the case at bar is invalid based violations of the Fifth and Sixth Amendments of the United States Constitution.

The defendant's Motion to Vacate Sentence is against the law of the United States and this circuit and must be denied.  First, the motion is untimely because it was filed more than one year after the defendant's conviction became final. 28 U.S.C. § 2255.  Second, Melvin did not pursue a direct appeal and has therefore procedurally defaulted his clams.  Third, the United States Supreme Court has held that sentencing enhancements that are found by the Court do not violate the Fifth Amendment. United States v. Watts, 519 U.S. 148 (1997).  In the case at bar, the Court properly took into consideration the drugs that the defendant sold to the undercover officer as part of the overall crime. These amounts were not contested by the defendant.

The Defendant's remaining issue is that the sentence imposed was in violation of the Sixth Amendment under the Supreme Court's holding in United States v. Booker, 124 S.Ct.

2531 (2004). This Circuit has explicitly denied this very argument in <u>Humphress v. United States</u>, 398 F.3d 855, 859 ( 2005). The Court in <u>Humphress</u> expressly declared that the holding of <u>Booker</u> was not to be applied retroactively. As such, the Defendant's issue fails.

Finally, the Defendant's petition blatantly misrepresents the facts of the case. The Indictment expressly states that the distribution of the crack cocaine was in excess of five grams. (Exhibit 1). The defendant admitted to selling crack cocaine in an amount greater than five grams. The plea agreement signed by the defendant clearly spelled out the potential penalties and the statutes involved. (See attached Plea Agreement, Exhibit 2). Even the defendant's petition admits these facts in his motion before trying to rewrite history. As such, there is no violation of due process or fundamental fairness in this case or in the sentence.

The defendant can neither meet the burden to show why this Court may rule on the motion, or in the alternative, if this Court does find, despite precedent to the contrary, that extraordinary circumstances to review the matter exist, that he would succeed on the merits of his claim. As such the defendant's request must be denied and the sentence left intact.

    Respectfully submitted,

    GREGORY G. LOCKHART
    United States Attorney

    s/Timothy D. Oakley
    TIMOTHY D. OAKLEY (0039965)
    Assistant United States Attorney
    Attorney for Plaintiff
    221 East Fourth Street, Suite 400
    Cincinnati, Ohio 45202
    (513) 684-3711
    Fax: (513) 684-2047
    Tim.Oakley @usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response to Motion to Vacate was served this 13th day of December, 2005 by regular U.S. mail on Roger Melvin, Defendant, Reg. No. 03486-061, Federal Correctional Institution, P.O. Box 33, Terre Haute, IN 47808.

                                              s/Timothy D. Oakley
                                              TIMOTHY D. OAKLEY (0039965)
                                              Assistant United States Attorney