|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF OHIO<br>WESTERN DIVISION | FILED<br>DEC 1 8 2001<br>KENNETH J. MURPHY, Clerk<br>CINCINNATI, OHIO |

UNITED STATES OF AMERICA     :     Case No. CR-1-01-082

vs.     :     (Spiegel, J)

ROGER F. MELVIN     :     **PLEA AGREEMENT**

_ _ _ _ _ _ _ _ _ _ _ _ _ _

It is hereby agreed between the United States Attorney for the Southern District of Ohio and the defendant, **ROGER F. MELVIN**, individually and through his attorney, Rick L. Faulkner, as follows:

1. The defendant will enter a plea of guilty to 2 Count of the Indictment filed herein, which charges him with distribution of cocaine base (crack cocaine), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). This offense carries a maximum penalty of up to forty (40) years imprisonment with a mandatory minimum term of imprisonment of five (5) years, a fine of up to $2,000,000, a four (4) year term of supervised release and a $100 special assessment.

2. Once said guilty plea is accepted and not withdrawn, the United States Attorney for the Southern District of Ohio agrees to limit the charges during the time period set forth in the Indictment about which the defendant has truthfully advised authorities to one count of violation of 21 U.S.C. § 841(a)(1) and dismiss the remaining counts.


EXHIBIT 2

3. The defendant agrees to co-operate fully with the United States, its agents and employees, in providing truthful and complete answers to all inquiries regarding the facts of this case and other criminal offenses of himself and others. If requested by the United States Attorney, such cooperation shall include appearances by **ROGER F. MELVIN** as a witness before a Federal Grand Jury, State Grand Jury, any trial and at any other court proceeding. If requested by the United States Attorney, **ROGER F. MELVIN** will submit to a polygraph examination by a government examiner. The United States Attorney and **ROGER F. MELVIN** agree that pursuant to United States Sentencing Guidelines (U.S.S.G.) § 1B1.8 and Federal Rule of Criminal Procedure 11, any information **ROGER F. MELVIN** provides pursuant to this agreement concerning the unlawful activities of himself or others shall not be used in determining the applicable sentencing range in his case to the extent that such information is self-incriminating.

4. The defendant understands that his sentence will be imposed pursuant to the Sentencing Reform Act and the Sentencing Act Guidelines.

5. The United States Attorney for the Southern District of Ohio agrees to file, in the event of **ROGER F. MELVIN's** substantial assistance in the investigation or prosecution of others who have committed offenses, pursuant to either U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), or Rule 35(b), Federal Rules of Criminal Procedure a recommendation for a downward departure of sentence. The filing of such a motion shall be in the sole discretion of the United States Attorney and **ROGER F. MELVIN** understands it is not binding on the Court. The filing of any motion by the United States Attorney regarding substantial assistance will be in reliance on **ROGER F. MELVIN's**

continued cooperation. Should he fail to cooperate as required herein, the United States Attorney may seek to set aside **ROGER F. MELVIN's** guilty plea and proceed with prosecution.

6. In consideration of the defendant's voluntary and truthful admission to authorities of his involvement in the instant offense, the United States Attorney for the Southern District of Ohio recommends that the Defendant be given a reduction of two (2) levels for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a). In the event that the defendant qualifies under § 3E1.1, the United States Attorney recommends that the reduction for acceptance of responsibility be increased by one (1) additional level.

7. The defendant fully understands that the sentencing guideline stipulations and recommendations set forth herein constitute non-binding recommendations to the Court, and do not include any matters regarding his criminal history category which will be determined by the Court after the completion of the pre-sentence investigation. The defendant fully understands that, after investigation and review, the Court may determine that the offense factors and recommendations outlined in this agreement are not appropriate and is not obligated to accept as such. In that event, the defendant fully understands that he will not have the right to withdraw his guilty plea.

8. No promises have been made to the defendant that he will receive probation or that he will receive a lighter sentence on account of his plea of guilty to the Indictment.

9. The defendant understands that he may be ordered to make restitution in an amount and manner to be determined by the Court.

10. Prior to or at the time of sentencing, the defendant will pay to the United States Department of Justice, a special assessment in the amount of $100.00, as required by Title 18, United States Code, Section 3013.

11. By virtue of the defendant pleading guilty to Count 2 of the Indictment in exchange for the dismissal of Counts 1 and 3, the defendant understands that he is not a prevailing party as defined by 18 U.S.C.§ 3006 (A) and hereby expressly waives his right to sue the United States.

12. This written Plea Agreement embodies all of the agreements and understandings between the United States Attorney for the Southern District of Ohio and the defendant. No conversations, discussions, understandings, or other documents extraneous to this Agreement shall be considered part of this Agreement.

12-17-01
Date

ROGER F. MELVIN
Defendant

12/17/01
Date

RICK L. FAULKNER    #0029251
Attorney for Defendant
8055 Hayport Road, CBO2-13
Wheelersburg, Ohio  45694
(740) 574-4311

GREGORY G. LOCKHART
United States Attorney

12/17/01
Date

TIMOTHY D. OAKLEY  #0039965
Assistant U.S. Attorney
Atrium II - Suite 400
221 East Fourth Street
Cincinnati, Ohio 45202
(513) 684-3711