FILED

JAN 11 2006

JAMES BONINI, Clerk
CINCINNATI, OHIO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROGER F. MELVIN,          )
    Petitioner/Defendant, )    No: CV-1-05-0755
                          )
V.                        )    No: CR-101-082
                          )
UNITED STATES OF AMERICA, )    Senoir Judge Spiegel
                          )
    Respondant/Plaintiff, )

**PETITIONER MELVIN'S RESPONSE TO THE UNITED STATES OF AMERICA'S MOTION TO DISMISS PETITIONER'S MOTION PURSUANT TO 28 U.S.C. §2255 ¶ 6(3).**

Petitioner, Melvin filed a motion to 'Modify, Reduce, or Correct his sentence, because the sentence is in violation of the Fifth Amendment Rights to 'Due Process of Law', and the Sixth Amendment Rights to a jurys' determination on all the enhancements.

On November 28, 2001, the Assistant United States Attorney filed a three(3) count indictment charging Melvin with knowingly distribute of [5 grams] or more of cocaine base, with a total of [15 grams]. Accordingly, Melvin pled guilty to the language of the indictment. However, it should be noted that the indictment did-not allege the enhancements. Per Jones, Blakely, Booker/Fanfan.

A presentence Report was prepared by the United States Probation Department and filed with the court. The Probation Officer calculated Melvin's offense category at [29] with a sentencing range of

[1]

**[121 to 151]** months, however, Melvin's attorney did-not object to the calculation or the sentence, the court sentenced Melvin to **[121]** months imprisonment on April 18, 2002.

## II.

### ARGUMENT

In this case, Melvin has a Constitutional Rights to have the jurys' determination on the enhancements. This court should not dismiss Melvin's §2255 ¶ 6(3) for lack of jurisdiction, because of untimely which was more than a year of the final judgement. First the motion is timely filed pursuant to 28 U.S.C. §2255 ¶ 6(3).

First in Dodd v. United States 545 U.S.____,125 S.Ct.____, 162 L.Ed.2d 343(2005). The Supreme Court held that the one(1) year limitation period under §2255 ¶ 6(3), begans to run on the date on which this Court 'initially recognized' the right[s] asserted in an applicant's motion, not the date on which that right[s] was made retroactive. The text of §2255 ¶ 6(3) unequivocally identifies 'One(1) and only one(1)' date from which the limitation period is measured 'the date on which the right[s] asserted was initially recognized by the Supreme Court.' The Court presumes that a legislature says what it means and what it says in the statute.

Retroactivity is properly treated as a threshold question, for once a 'New Constitutional Rule' of Criminal Procedure is applied to the defendant in the case announcing the rule, even-handed justice requires that it be applied retroactivity to all who are similarly situated. Instead, petitioner can argue that his claim is not barred because the 'New Rule' was announces in Blakely, Booker/Fanfan. In general however, a case announces a 'New Rule' when it breaks new ground, or imposes a new obligation

[2]

on the Federal Government. In Desist v. United States 394 U.S. 244,256-57, 89 S.Ct. 1030, 22 L.Ed.2d 248(19690. Justice Harlan had reasoned that one of the two priniciple functions of Habeas Corpus was to assure that no man been incarcerated under a procudure which created an impermissible larger risk that the innocent well be convicted, and concluded 'form this that all 'new' Constitutional Rule which significantly impove the pre-existing fact-finding procedures are to be retroactivily applied on Habeas Corpus.

In Ashley v. United States 266 F.3d 671,674(7th.Cir.2001). Thus, the argument goes, the absence of by the Supreme Court after 'made retroactive' must have some meaning. However, in that clause there is only one verb that the prepositional phrase 'by the Supreme Court' can modify, whereas in the relevant clause of §2255 ¶ 6(3), there are two(2), newly recognized and made retroactive. The more natural reading of ¶6(3) is that the prepositional phrase 'by the Supreme Court' modifies both verbs of the subordinate clause. This reading comports with Congress' general direction that this court, and not the lower courts, should provide the final answer to questions of interpretation arsing under the Antiterrorism and Effective Death Penalty Act of (1996)(AEDPA) see, e.g., 28 U.S.C. §2254(d)(1) 'requiring that a state-court decision be contrary to 'clearly established Federal Law, as determined by the Supreme Court of the United States '(emphasis added). Additionally, it avoids difficult questions of which court can make a retroactivitly determination, sets a uniform date by which lower courts can make the determination as to whether a petition is timely, and means that only those cases made retroactive by this court can form the basis for a petition that can gain

[3]

the benefit of tilling under 28 U.S.C. §2255 ¶ 6(3).

In this case the Probation Officer and United States Assistant Attorney Timothy D. Oakley, think that they can change the law to what they want, because in the indictment on all three(3) counts the United States Attorney Oakley, alleged that Melvin distributed in the excess of **[5 grams]** of cocaine base, however, one would say what is in excess? If the indictment stated that **[5 grams]** in each count then that is what the Grand Jury passed on not in excess.

In the leading case of Ex parte Bain 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed 849(1887), held that the party can only be tried upon the indictment as found by such Grand Jury, and especially upon all its language found in the charing part of that indictment. If it lies within the province of a court to change the charging part of an indictment to suit its own notions of what it ought to or what the Grand Jury would probably have made it if their attention had been called to suggested changes.

In Russell v. United States 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240(1962), the Supreme Court held that a 'Bill of Particulars cannot cure a fatally imprecise indictment. The Bill of Particulars fully serves the functions of apprasing the accused of charges and protecting him against future jeopardy, but it does not preserve his rights to be tried on a charge found by a Grand Jury, again the cited passage from Bain, referred to 'the settled rule in the Federal Courts that an indictment may not be amended except by resubmission to the Grand Jury unless the charge is a matter of form'.

In Bain, Stirone, and Russell, the Supreme Court has show

[4]

that it takes seriously, and requires to be enforced rigorously the Fifth Amendment's command that a defendant to a charge of 'infamous crime[s]' be tried only on an indictment of a Grand Jury. But here petitioner argues that he was tried on an indictment drawn by the Assistant United States Attorney, and presented to the Grand Jury.

Petitioner can and did show why the court can rule on the merits of his claim, and make this motion retroactive.

Dated this 2nd day of January, 2006

Respectfully submitted

*Roger F. Melvin*
Roger F. Melvin #03486-061
Federal Correctional Institution
P.O. Box 33
Terre Haute, Indiana 47808

### CERTIFICATE OF SERVICE

I, hereby certify that a copy of the foregoing response to the United States motion to dismissed was served this day 2 of January, 2006 by United States Mail on the United States Assistant Attorney Timothy D. Oakley, at 221 East Fourth Street, Suit#400. Cincinnati Ohio 45202.

Dated this 2nd day fo January, 2006

Respectfully submitted,

*Roger F. Melvin*
Roger F. Melvin #03486-061